**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**MICHAEL DENT,**

              **Petitioner,**

  - against -

**MICHAEL A. ZENK,**

              **Respondent.**

-------------------------------------------------------x

**OPINION & ORDER**

**05 CV 2121 (NG)**

**GERSHON, United States District Judge:**

Petitioner, proceeding *pro se*, brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP's") execution of his sentence, which was imposed on September 28, 2004. Petitioner claims that the BOP has erroneously failed to credit his current sentence (1) for time spent in pre-sentence detention in the Philadelphia Detention Center between January 19, 1992 and March 11, 1992,[1] and (2) for time served in New York State custody from February 25, 2003 through July 27, 2004. The government responds that petitioner has not exhausted his administrative remedies with respect to the first claim and that the second claim is without merit. For the reasons stated below, the petition is denied.

## BACKGROUND

Petitioner was arrested in Philadelphia in January of 1992. Subsequently, he was indicted in the United States District Court for the Eastern District of Pennsylvania for drug conspiracy and

---

[1] In his "Memorandum of Law in Support of 28 U.S.C. § 2241," filed May 3, 2005, petitioner alleged that he was detained in the Philadelphia Detention Center from January 19, 1992 to an unspecified date in April of 1992. Subsequently, in his "Memorandum of Law in Support of Traverse," filed November 10, 2005, petitioner indicated that the actual time, if any, he sought to be credited was from January 19, 1992 to March 11, 1992.

drug possession. After declining a plea agreement, petitioner was convicted at trial of the conspiracy charge and acquitted of the possession charge. On August 22, 1997, petitioner was sentenced to 92 months' imprisonment to be followed by a five-year period of supervised release. The United States Court of Appeals for the Third Circuit affirmed his conviction and sentence. *See United States v. Dent*, 149 F.3d 180 (3d Cir. 1998).

Petitioner filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 in the district court for the Eastern District of Pennsylvania, claiming ineffective assistance of counsel, in that his trial counsel gave him erroneous advice about his potential sentence under a proposed plea agreement, which caused him to proceed to trial instead of pleading guilty. The district court denied the petition, but, on August 16, 2002, the Third Circuit vacated that denial and remanded the case for an evidentiary hearing as to whether counsel was ineffective in failing to properly advise Dent about the proposed plea agreement. *See United States v. Dent*, 43 Fed. Appx. 477 (3d Cir. 2002).

Before the district court held an evidentiary hearing on the ineffective assistance of counsel claim, the parties reached a resolution of the claim. The government agreed to recommend that the court reduce petitioner's supervised release term from five years to three years, with the understanding that petitioner could apply for early termination of supervised release after two years. The district court entered an order to that effect on November 22, 2002.

While serving his supervised release term in the Southern District of New York, petitioner was arrested on February 25, 2003 by New York City police officers and charged with Criminal Possession of a Controlled Substance in the Fourth Degree. Petitioner was incarcerated in state detention until he was released on his own recognizance on July 27, 2004. He then entered into

federal custody as a result of a federal detainer that had been lodged shortly after his state arrest, for violating his term of supervised release.

On September 28, 2004, the district court in the Southern District of New York revoked petitioner's supervised release and sentenced him to 30 months' imprisonment. The judgment specified that defendant serve a total term of 30 months, with 15 months to be served concurrently with any state sentence imposed in the pending case, and 15 months to be served consecutively to any state sentence imposed in the pending case. On October 26, 2004, petitioner pled guilty to the state narcotics violation and was sentenced to one and a half to three years' imprisonment to run concurrently with the federal sentence. Petitioner is currently incarcerated at the Metropolitan Detention Center in Brooklyn, located in the Eastern District of New York.

## DISCUSSION

An action challenging the BOP's calculation of a sentence is properly brought under 28 U.S.C. § 2241. *See Chambers v. U.S.,* 106 F.3d 472 (2d Cir. 1997). If the petitioner is determined to have exhausted his administrative remedies, the court analyzes the disputed calculation under 18 U.S.C. § 3585 (b) which provides, in relevant part, that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; and that has not been credited against another sentence.

### 1. Pre-sentence Custody from January 19, 1992 to March 11, 1992

Petitioner claims that he is entitled to jail time credit on his current sentence for the time that he spent in custody between January 19, 1992 through March 11, 1992, at the Philadelphia Detention Center, while awaiting sentencing on the underlying federal narcotics conviction.

3

Petitioner contends that the BOP improperly failed to credit this time against his prior sentence on the Eastern District of Pennsylvania charge. The government responds that this claim should be denied because petitioner has failed to exhaust his administrative remedies. It is not necessary for this court to analyze the administrative steps that petitioner has undertaken while incarcerated in the Metropolitan Detention Center in Brooklyn, because, even if the claim is exhausted, petitioner is requesting relief that this court is unable to provide.

As noted above, petitioner was sentenced in the Eastern District of Pennsylvania to 92 months' imprisonment and five years' supervised release. Petitioner had already completed that prison term and was serving a then-reduced term of supervised release in New York when he was arrested for a subsequent New York State narcotics violation. The arrest violated the terms of petitioner's supervised release; consequently, the district court revoked petitioner's supervised release and sentenced him to his current federal sentence.

Petitioner is asking this court to correct an alleged mistake in the execution of his previous sentence in the Eastern District of Pennsylvania, and equitably apply that mistake to shorten his current sentence. This court has no power to do so. Whether or not credit that petitioner claims he was entitled to was applied to a prior sentence is a matter for petitioner to have disputed and resolved while serving that sentence. To hold otherwise would allow an individual to be free of punishment for new crimes, if a computational error had been committed regarding a prior sentence. Such a result would be unconscionable.

**2. Pre-sentence Custody from February 25, 2003 through July 27, 2004**

Petitioner asserts that he is entitled to receive credit on his current federal sentence for time served in state custody prior to being sentenced for the New York State narcotics violation and for

the violation of his supervised release. The government argues that petitioner's reliance is misplaced because (1) there was no state sentence in place when the federal sentence was imposed on September 28, 2004, and therefore, the BOP could not calculate a partially concurrent and partially consecutive sentence, and (2) the BOP could not award petitioner credit against his time spent in federal custody, as the time spent in state custody had been credited against his state sentence. For the following reasons, petitioner's application for credit from February 25, 2003 through July 27, 2004, is denied.

18 U.S.C. 3585(b) allows a prisoner's sentence to be credited for time served in pre-sentence custody only if the credit "has not been credited against another sentence." Here, petitioner spent 519 days in state custody, prior to being released by the state court on July 27, 2004. According to the undisputed record of the New York State Department of Correctional Services ("NYSDOCS"), petitioner has already received credit for the 519 days against his state sentence, which was imposed on October 26, 2004.

Petitioner argues, that, because a federal detainer was lodged, the time spent in state custody should be applied to his federal sentence as well. Based on 18 U.S.C. 3585(b), this proposition is rejected. Under the statute, petitioner is precluded from receiving a "double credit," which would result if petitioner were credited with the 519 days on his federal sentence as well as on his state sentence. *See Tisdale v. Menifee*, 166 F.Supp.2d 789, 792 (S.D.N.Y. 2001). Here, as in *Tisdale*, even assuming that petitioner should be deemed to have been in federal custody after the detainer was filed—a matter this court need not address—petitioner's claim must be rejected because petitioner has already received state credit for the time served after the detainer was filed.

5

Petitioner's reliance on *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), is misplaced. *Kayfez* involved multiple unique circumstances including that the concurrent state sentence was vacated, effectively eliminating the state credit, and then reimposed. It is clear that the Court, in crediting petitioner with pre-sentence detention time, reasoned that it was not violating the prohibition on double credit. In any event, no such extraordinary circumstances as existed in *Kayfez* exist here. That, as in *Kayfez*, a concurrent sentence was imposed, does not mean that the prohibition on double credit does not govern. In certain circumstances, a judge may consider that a defendant has already served state time on a related offense in granting a departure under the United States Sentencing Guidelines. *See discussion in*, *U.S. v. Fermin*, 252 F.3d 102, 109-12 (2d. Cir. 2001). But that does not mean that a court may order the BOP to violate 18 U.S.C. 3585(b).

Finally, petitioner claims, relying on *U.S. v. Gaines*, 449 F.2d 143 (2d Cir. 1971), that the BOP's failure to credit his federal sentence with the time that he served in pre-sentence state custody is a violation of his equal protection rights under the Fourteenth Amendment. Petitioner asserts, that, during the time period of February 25, 2003 through July 27, 2004, he was indigent and unable to make state bail in the amount of $10,000 while subject to the federal detainer, thus, preventing him from being released into federal custody to begin earning time against his federal sentence.

Under these facts, petitioner cannot rely on *Gaines,* as the Second Circuit has limited its application to cases in which a failure to give defendant credit would result in "dead time," or time that was not being served in connection with any valid state or federal sentence. *See Paroutian v. United States*, 471 F.2d 289, 290 (2d. 1972) ("In *Gaines* we held that when a man has been released on bail pending his sentencing, and is subsequently arrested on state charges and is incarcerated

pending trial because he was unable to meet the bail imposed by the state magistrate, his federal sentence must be credited with the time spent in state custody, *if the state charges are subsequently dismissed*.")(emphasis added). Here, petitioner was convicted of the state narcotics charge on which he was held, was sentenced to a one and a half to three year state sentence and received credit for his pre-trial detention.

## CONCLUSION

For the reasons discussed above, the petition is denied as to all claims. The Clerk is directed to enter judgment denying the petition. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

*/s/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

**Dated: December 30, 2005**
**Brooklyn, New York**